**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVALK, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>SEDGWICK; JESUS MONTIJO; and DOES 1-100,<br><br>        Defendant. | Case No.:  3:21-cv-973-BEN-LL<br><br>**ORDER ON JOINT MOTION (1) REGARDING FILING OF AMENDED COMPLAINT AND (2) TO EXTEND DEADLINE FOR SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. TO FILE RESPONSIVE PLEADING**<br><br>**[ECF No. 5]** |

**I.**  **INTRODUCTION**

Plaintiff Novalk, LLC ("Plaintiff") brings this action against its insurer, Defendant Sedgwick Claims Management Services, Inc., erroneously sued as Sedgwick ("Sedgwick"), and Defendant Jesus Montijo ("Mr. Montijo") for alleged breaches of Sedgwick's agreement to insure Plaintiff.  ECF No. 1.[1]

Before the Court is the Joint Motion of Plaintiff and Sedgwick (1) Regarding the Filing of a First Amended Complaint and (2) to Extend Sedwick's Deadline to File a Responsive Pleading (the "Joint Motion").  ECF No. 5.  After considering the papers

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

-1-

submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** the Joint Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that it owns certain real estate located at 310 Rockwood Avenue, Calexico, California, which Defendant Sedgwick insured. ECF No. 1-2 at 3, ¶ 1, 5, ¶ 10.

### B. Procedural History

On March 9, 2021, Plaintiff filed suit in the Superior Court of the State of California in and for the County of Imperial styled *Novalk, LLC v. Sedgwick; Jesus Montijo; and Does 1-100*, bearing Case No. ECU001800 (the "State Court Action"). ECF No. 5 at 1, ¶ 1; *see also* Notice of Removal, ECF No. 1 ("NOR") at 1. The complaint in the State Court Action alleged causes of action for (1) breach of contract; (2) negligent misrepresentation; (3) declaratory relief; (4) specific performance; (5) unjust enrichment; (6) bad faith; (7) fraud; (8) violation of the Unfair Competition Law; (9) false advertising; and (10) injunctive relief. ECF No. 1-2 at 12,

On April 23, 2021, Plaintiff served Sedgwick with the complaint. ECF No. 5 at 1, ¶ 2. However, Plaintiff still has not served Defendant Jesus Montijo.[2] *Id.*

On May 18, 2021, Sedgwick initiated a meet and confer regarding the pleading

---

[2] "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see also States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), Fed. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). Here, the Court encourages Plaintiff to bear in mind Rule 4(m) by timely effectuating service of process on Mr. Montijo. Additionally, the Court notes that Plaintiff's complaint contains no specific allegations as to Mr. Montijo. In fact, the complaint fails to specific to which defendants each claim applies.

deficiencies in the Complaint. ECF No. 5 at 2, ¶ 4.

On May 21, 2021, Sedgwick removed this action to this Court. ECF No. 5 at 2, ¶ 4; *see also* ECF No. 1.

As a result of the notice of removal, Sedgwick is presently required to file a response to the Complaint by May 28, 2021. ECF No. 5 at 2, ¶ 6.

On May 27, 2021, counsel for Plaintiff and Sedgwick conducted a meet and confer during which Plaintiff's counsel advised that it planned to amend its Complaint on or before June 7, 2021. ECF No. 5 at 2, ¶ 7. Counsel for both Plaintiff and Sedgwick (collectively, the "Parties") agree that Sedgwick's responsive pleading deadline should be extended from May 28, 2021 to June 21, 2021 in order to allow counsel for Novalk to file an amended complaint. ECF No. 5 at 2, ¶ 8.

## III.  LEGAL STANDARD

### A.  Joint Motion

"Except as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge." S.D. Cal. Civ. R. 7.2(a). Such stipulations "must first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer." S.D. Cal. Civ. R. 7.2(b).

### B.  Motion for Leave to Amend

Once a responsive pleading is filed, a plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.; see also Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (stating that leave to amend is to be granted with "extreme liberality").

### C.  Motion to Extend Deadline to File a Responsive Pleading

Rule 12 of the Federal Rules of Civil Procedure requires a defendant to file a responsive pleading within either (1) twenty-one days of being served with the summons and complaint or (2) sixty days after the request for a waiver was sent. Pursuant to the

Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case."  S.D. Cal. Civ. R. 12.1.  Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint."  Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV. DISCUSSION

The Parties advise that they both agree to Plaintiff filing a First Amended Complaint, and on that basis ask the Court to extend the responsive pleading deadline.  However, Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") allows a party to amend a pleading "once as a matter of course," or without leave of Court, within 21 days after (1) serving the complaint *or* (2) service of a responsive pleading.  FED. R. CIV. P. 15(a)(1).  Further, Rule 15 also states that "[i]n all other case, a party may amend its pleading only with *either* (1) the opposing party's written consent *or* (2) the court's leave.  FED. R. CIV. P. 15(a)(2).  In other words, in a case such as this one, where no responsive pleading has been filed, and the opposing party consents to the plaintiff amending the complaint, leave of court is not required to amend the complaint.  However, the Court notes that Plaintiff has named Does 1 through 100 in this lawsuit, which is improper.

While the original complaint was filed in the superior court, where the practice of pleading "doe defendants" is permitted under California's code pleading standard, the Federal Rules of Civil Procedure ("FRCP") neither authorize nor prohibit the use of fictitious parties.  *Indian Hills Holdings, LLC v. Frye*, No. 320CV00461BENAHG, 2021 WL 1139419, at *9 (S.D. Cal. Mar. 25, 2021).  However, FRCP 10 does require a plaintiff to include the names of all parties in his complaint.  *See Keavney v. Cty. of San Diego*, No. 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.) (citing FED. R. CIV. P. 10(a)).  Further, naming doe defendants implicates Rule 4 requiring service of the complaint.  *Id.* (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed

defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (same). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney*, 2020 WL 4192286 at *4-5. Where a plaintiff fails to link the alleged wrong or explain how any of the unidentified parties he sued personally caused a violation of his rights, the court must dismiss those individuals, especially when they have not been served. *See, e.g.*, FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint).

Even if the FRCP permitted doe defendant pleading, Plaintiff would still need to seek leave of court in order to substitute in the true names of those defendants unless the other party consents to the addition to the new party. As such, the Court dismisses the doe defendants. Plaintiff may seek leave of court to file an amended complaint adding other defendants, if and when necessary, or if the opposing party consents, Plaintiff may simply file the amended complaint.

As to Defendant's request to extend the time to respond to the complaint, Rule 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within" the later of either (1) the time remaining to respond to the original pleading or (2) fourteen (14) days after service of the amended pleading. In this case, if Plaintiff serves the amended complaint on June 7, 2021, fourteen (14) days after service of the amended complaint would be Monday, June 21, 2021. As such, Defendant need not request an extension of time to respond because Rule 15(a)(3) provides for the time Defendant seeks.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** the Joint Motion and instructs Plaintiff

to file the First Amended Complaint on the docket by Monday, June 7, 2021. However, all doe defendants must be removed from the First Amended Complaint prior to filing it on the docket. Defendant must file a responsive pleading by Monday, June 21, 2021.

**IT IS SO ORDERED.**

DATED:    May 28, 2021

**HON. ROGER T. BENITEZ**
United States District Judge