FILED

SEP 09 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC, a California limited liability company, | Case No.: 3:21-cv-973-BEN-LL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| SEDGWICK; JESUS MONTIJO; and DOES 1-100, | **[ECF No. 12]** |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Novalk, LLC ("Plaintiff") brings this action against its insurer, Defendant Sedgwick Claims Management Services, Inc., erroneously sued as Sedgwick ("Sedgwick"), and Defendant Jesus Montijo ("Mr. Montijo") for alleged breaches of Sedgwick's agreement to insure Plaintiff. ECF No. 1.[1]

Before the Court is the Sedgwick's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). ECF No. 12. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

No. 17. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that it owns certain real estate located at 310 Rockwood Avenue, Calexico, California, which Defendant Sedgwick insured. ECF No. 1-2 at 3, ¶ 1, 5, ¶ 10.

### B. Procedural History

On March 9, 2021, Plaintiff filed suit in the Superior Court of the State of California in and for the County of Imperial styled *Novalk, LLC v. Sedgwick; Jesus Montijo; and Does 1-100*, bearing Case No. ECU001800 (the "State Court Action"). ECF No. 5 at 1, ¶ 1; *see also* Notice of Removal, ECF No. 1 ("NOR") at 1. The complaint in the State Court Action alleged causes of action for (1) breach of contract; (2) negligent misrepresentation; (3) declaratory relief; (4) specific performance; (5) unjust enrichment; (6) bad faith; (7) fraud; (8) violation of the Unfair Competition Law; (9) false advertising; and (10) injunctive relief. ECF No. 1-2 at 12,

On April 23, 2021, Plaintiff served Sedgwick with the complaint. ECF No. 5 at 1, ¶ 2. However, Plaintiff still has not served Defendant Jesus Montijo.[2] *Id.*

On May 18, 2021, Sedgwick initiated a meet and confer regarding the pleading

---

[2] As the Court previously noted, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see also States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), Fed. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). The Court already warned Plaintiff on May 28, 2021, that it needed to comply with Rule 4(m), while also noting that Plaintiff's complaint contains no specific allegations as to Mr. Montijo. Order, ECF No. 6. To date, Mr. Montijo has not been served.

deficiencies in the Complaint. ECF No. 5 at 2, ¶ 4.

On May 21, 2021, Sedgwick removed this action to this Court. ECF No. 5 at 2, ¶ 4; *see also* ECF No. 1. As a result of the notice of removal, Sedgwick was required to file a response to the Complaint by May 28, 2021. ECF No. 5 at 2, ¶ 6. However, on May 27, 2021, counsel for Plaintiff and Sedgwick conducted a meet and confer during which Plaintiff's counsel advised that it planned to file a First Amended Complaint (the "FAC") on or before June 7, 2021. ECF No. 5 at 2, ¶ 7. Counsel for both Plaintiff and Sedgwick (collectively, the "Parties") agreed that Sedgwick's responsive pleading deadline should be extended from May 28, 2021 to June 21, 2021 in order to allow counsel for Plaintiff to file the FAC. ECF No. 5 at 2, ¶ 8.

On May 28, 2021, the Court granted the Parties' Joint Motion for an Extension of Time for (1) Plaintiff to File the FAC and (2) Sedgwick to File a Responsive Pleading. ECF No. 6. The Court ordered that (1) Plaintiff must file its FAC by Monday, June 7, 2021, and (2) Sedgwick must file a responsive pleading by Monday, June 21, 2021. *Id.*

On June 21, 2021, counsel for Sedgwick filed a declaration advising that (1) to date, Plaintiff had not filed its FAC; (2) he had sent multiple communications to Plaintiff's counsel regarding the issue but had not received no response; (3) when he finally received a response almost a week later, Plaintiff's counsel, Andrew K. Rauch, Esq. ("Mr. Rauch"), advised that new counsel would be taking over and would file the FAC that day; and (4) five days later, Sedgwick's counsel still had not received the FAC. ECF No. 7 at 2, ¶¶ 5-9.

On June 23, 2021, Magistrate Judge Linda Lopez issued an Order Setting a Telephonic Status Conference for June 25, 2021 at 1:00 p.m. ECF No. 8. On June 25, 2021, when the telephonic status conference went forward, Mr. Rauch failed to appear. Minute Order, ECF No. 10. That same day, Judge Lopez issued an Order to Show Cause as to why sanctions should not be imposed against Mr. Rauch for his failure to appear. Order, ECF No. 11. She also ordered Mr. Rauch to file a declaration regarding the propriety of imposing of sanctions by June 29, 2021. *Id.*

On June 30, 2021, Sedgwick filed a Motion to Dismiss the Complaint, which argued that (1) "[t]he Court should construe the failure to file an amended complaint as an admission that [Plaintiff] cannot state claims against Sedgwick" and (2) even if the Court did not, all claims in the complaint failed to plead facts sufficient to state a plausible claim for relief. ECF No. 12 at 2-10.

On July 1, 2021, Mr. Rauch filed a Response to Judge Lopez's Order to Show Cause, admitting that he had failed to file the declaration ordered by Judge Lopez by the deadline she set. ECF No. 13 at 2, ¶¶ 3-4. He explained that he (1) agreed with his client that new counsel would take over this matter before the June 25, 2021 conference; (2) believed new counsel would appear and present a substitution of attorney form; (3) "was not diligent in assuring that the proper substitution . . . had been filed," and (4) was later informed that the proposed new counsel would not be taking over the case. *Id.* at 2, ¶ 5. He also stated that during the month of June 2021, he employed associate counsel to help him with his cases, but the associate counsel's last day of work was June 25, 2021. ECF No. 13 at 2, ¶ 6.

On July 1, 2021, Judge Lopez issued an order requiring Plaintiff to file either (1) a motion for substitution of attorney or (2) a declaration of status on the issue of substitution of attorney, including whether Defendants opposes the substitution. Order, ECF No. 15 at 1:24-27. To date, Plaintiff has failed to file the motion or a declaration on the status of the substitution. *See id.* Further, Plaintiff also failed to oppose Defendant's Motion to Dismiss. On July 26, 2021, Sedgwick filed a reply brief, noting Plaintiff's failure to oppose, while also arguing the Court should construe that failure as Plaintiff's consent to granting the Motion. ECF No. 16.

### III. <u>LEGAL STANDARD</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim

must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek*, 519 F.3d at 1031. However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus, leave to amend should be freely granted. *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where . . . further amendment would be futile.").

## IV. <u>DISCUSSION</u>

Sedgwick seeks dismissal of Plaintiff's operative complaint for failure to state a claim upon which relief can be granted. Despite being ordered to file the FAC by June 7, 2021, Order, ECF No. 6, to date, Plaintiff still has not filed it. Despite being ordered by Judge Lopez to appear at a telephonic status conference on June 25, 2021, Order, ECF No. 8, Mr. Rauch failed to appear. After that failure to appear, Judge Lopez ordered Mr. Rauch to file a declaration by June 29, 2021, Order, ECF No. 11. Mr. Rauch filed a declaration on June 30, 2021, instead, admitting to its tardiness and attempting to explain the reasons for his failure to comply with Court orders. ECF No. 13. However, this declaration made no mention of (1) by when the Court could expect a substitution of attorney; (2) whether Plaintiff still intended to file the FAC; and (3) whether Plaintiff would oppose Sedgwick's Motion to Dismiss. *See id.* Subsequently, Plaintiff again failed to comply with another order of the Court despite being ordered by Judge Lopez to file either (1) a motion for substitution of attorney or (2) a declaration of status on the issue

of substitution of attorney, including whether Defendant opposes the substitution. Order, ECF No. 15 at 1:24-27. To date, Plaintiff has failed to file either document. *See id.* Further, Plaintiff has also failed to oppose Defendant's Motion to Dismiss.

"Actions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution." S.D. Cal. Civ. R. 41.1(a); *see also States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), F.R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). In this case, Plaintiff originally filed suit approximately six months ago, on March 9, 2021. *See* ECF No. 1 at 1. To date, the record indicates no discovery has been taken, and despite ordering Plaintiff to file the FAC by June 7, 2021, *see* ECF No. 5, Plaintiff never filed it. Thus, grounds would normally exist for the Court to set an order to show cause as to why this case should not be dismissed for failure to prosecute. However, the Court finds it may dismiss without setting the order to show cause due to Plaintiff's failure to oppose Sedgwick's Motion to Dismiss.

Local Rule 7.1(f)(3)(a) requires a party opposing a motion to either file a (1) written opposition or (2) "written statement that the party does not oppose the motion." If an opposing party fails to file the papers in the manner required by the local rules, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(3)(c); *see also V. V. V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (noting that claims can be abandoned if their dismissal is unopposed); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Thus, where the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived. *See, e.g., Franchise Tax Bd. of California v. Hyatt*, —— U.S. ——, 139 S. Ct.

1485, 1491, n. 1 (2019) (deeming an argument waived where the defendant failed to raise an issue in the opposition brief); *see also Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived.").

The Court construes Plaintiff's failure to oppose Sedgwick's Motion to Dismiss as consent to granting the Motion.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS** Sedgwick's Motion to Dismiss the Complaint *without prejudice*.

**IT IS SO ORDERED.**

DATED:   September 8, 2021

HON. ROGER T. BENITEZ
United States District Judge